IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TIME WARNER INC.**, <br><br>    Plaintiff, <br><br> v. <br><br> **WILLIE JOHNSON**, <br><br>    Defendant. <br><br> **WILLIE JOHNSON**, <br><br>    Third-Party Plaintiff, <br><br> v. <br><br> **101 HANDS ON; NEW YORK STATE INSURANCE FUND; SCHOOLS 101 RECORDS; U.S. SECURITIES AND EXCHANGE COMMISSION**, <br><br>    Third-Party Defendants. | Case No. 3:24-cv-01724-IM <br><br> **OPINION AND ORDER DENYING WILLIE JOHNSON'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT** |

Willie Johnson, 65 Sidney St., Buffalo, NY 14211. Pro Se.

**IMMERGUT, District Judge.**

PAGE 1 – OPINION AND ORDER DENYING WILLIE JOHNSON'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

Before this Court is Third-Party Plaintiff Willie Johnson's Application to Proceed In Forma Pauperis ("Mot."), ECF 2. Mr. Johnson has not shown an inability to prepay fees and costs or give security for them at this time. This Court thus denies Mr. Johnson's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). This Court also dismisses Mr. Johnson's Third-Party Complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2).

## LEGAL STANDARDS

A complaint filed IFP may be dismissed at any time, including before service of process, if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that sua sponte dismissals under § 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting that § 1915(e) applies to all IFP complaints, not just those filed by prisoners). A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Ozim v. City & County of San Francisco*, No. 21-15099, 2021 WL 5412457, at *1 (9th Cir. Nov. 19, 2021). A complaint fails to state a claim when it does not contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that a defendant violated a plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts must, however, construe pro se filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A pro se complaint, "however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (Sotomayor, J., statement respecting denial of certiorari) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

## BACKGROUND

Mr. Johnson filed his Third-Party Complaint ("Complaint") on October 9, 2024. ECF 1. Mr. Johnson appears to use the names Robert W. Johnson and Willie Johnson interchangeably. *Compare* Complaint ("Compl."), ECF 1, *with* Mot., ECF 2. Mr. Johnson lists his name and address as the Third-Party Plaintiff and Time Warner, Inc. as the Plaintiff. Compl., ECF 1 at 1–2. As Third-Party Defendants, he lists 101 Hands On Corporation, the U.S. Securities and Exchange Commission, the New York State Insurance Fund Corporation, and Schools 101 Records Corporation. *Id.* at 2–3. Mr. Johnson does not provide the basis for this Court's jurisdiction, a demand for relief, or any factual allegations.

He describes the initial complaint as: "Robert W Johnson sued Bad Boy Productions Holdings Inc for unpaid wages, insurance fees, punitive damages and criminal offenses committed by Bad Boy Production Holdings Inc and staff members." Compl., ECF 1 at 3 (capitalization altered). As to whether he has filed an answer to this complaint, he states: "I, plead no contest, to complaints and agree to awards demanded and all other fees." *Id.* (capitalization altered). He alleges that his relationship with the third-party defendant is "legal, contractual agreements and board members." *Id.* at 3–4. (capitalization altered). He states that he is entitled to judgment against the third-party defendant "due to corporation fraud, employee discriminations, bribery and default judgement sanctions." *Id.* at 4. (capitalization altered).

PAGE 3 – OPINION AND ORDER DENYING WILLIE JOHNSON'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

There is a signature for Time Warner, Inc. under the portion "For Parties Without an Attorney." *Id.* Mr. Johnson signs the Complaint under the "For Attorneys" section. *Id.*

## DISCUSSION

As detailed below, this Court finds that it is appropriate to dismiss Mr. Johnson's Complaint sua sponte and permit him leave to amend. This Court dismisses Mr. Johnson's IFP Application, with leave to refile, because he failed to file the proper form to request IFP status and his complaint fails to comply with Rule 8, properly assert jurisdiction, or state a claim.

**A. Threshold Matters**

As an initial matter, this Court notes that rather than using the "Complaint for a Civil Case" form intended for pro se plaintiffs in the District of Oregon, Mr. Johnson instead uses the "Third Party Complaint" form. Third-party complaints are complaints filed by defending parties in existing lawsuits who are pursuing claims against non-parties who may be liable for all or part of the claim against the defending party. *See* Fed. R. Civ. P. 14(a). Mr. Johnson identifies the "initial complaint" as a lawsuit by him against Bad Boy Productions Holdings, Inc. This Court notes that a Robert Johnson at Mr. Johnson's address filed a suit against Bad Boy Productions Holdings, Inc. on October 9, 2024 in another District, but no claim has been asserted against the plaintiff in that case. *Johnson v. Bad Boy Prods. Holdings* Inc. et al., No. 2:24-cv-02724 (D. Ariz.). This Court construes Mr. Johnson's "Third Party Complaint" as a complaint since Mr. Johnson is not the defending party and no claim has been asserted against him in that case.

This Court will treat Mr. Johnson as a pro se litigant. The Complaint states that it was filed pro se, but also bears the signature of attorney "WILLIE JOHNSON ESQ" at 65 Sidney St, New York, Bar Number "99999." ECF 1 at 4–5. The Clerks Office confirmed that there is no "Willie Johnson" admitted to practice law in this Court. Mr. Johnson is advised that only

PAGE 4 – OPINION AND ORDER DENYING WILLIE JOHNSON'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

attorneys admitted to practice law in this court may represent him. In any amended complaint, Mr. Johnson is ordered to state whether he is represented, and if so, by whom.

## B. Motion to Proceed IFP

For this Court to grant Mr. Johnson's IFP application, Mr. Johnson must be "unable to pay" the filing fee or "give security therefor." 28 U.S.C. § 1915(a)(1). Mr. Johnson failed to file the proper form to request IFP status in the District of Oregon. His filing fails to identify his last place of employment, wages associated with that employment, his spouse's employment (if applicable), or the source of funds for his day-to-day expenses. This Court denies Mr. Johnson's motion to proceed IFP with leave to file a new application.

## C. Sua Sponte Dismissal

Because Mr. Johnson is proceeding pro se, this Court will allow him an opportunity to amend his Complaint to cure these deficiencies. The following discussion is intended to assist Mr. Johnson should he choose to amend his Complaint.

### 1. Jurisdiction

Before screening Plaintiff's Complaint pursuant to § 1915(e)(2)(B), this Court first addresses whether it has jurisdiction over this action. A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *See United States v. Ceja-Prado*, 333 F.3d 1046, 1049–50 (9th Cir. 2003). Original jurisdiction must be based either on a claim arising under the Constitution, laws, or treaties of the United States or on diversity of citizenship for controversies involving more than $75,000. 28 U.S.C. §§ 1331, 1332.

As for diversity jurisdiction, Mr. Johnson alleges that he is a citizen of New York and Defendants are citizens of New York and Washington D.C. Because Plaintiff's Complaint does

not make a demand for relief, he has failed to satisfy the amount in controversy requirement of $75,000. In addition, for a case to qualify for federal diversity jurisdiction, "there must be complete diversity of citizenship between the parties opposed in interest." *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004). Here, there is not complete diversity, and the Court does not have diversity jurisdiction under § 1332.

Neither does this Court have federal question jurisdiction. The substance of Mr. Johnson's Complaint is not clear, but it does not suggest that this Court has federal question jurisdiction.

### 2. Federal Rule of Civil Procedure 8(a)

Mr. Johnson fails to meet the pleading requirements set forth in the Federal Rules of Civil Procedure. "In addition to the grounds for a *sua sponte* dismissal set out in § 1915(e)(2)(B), the district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the defendant fair notice of the wrongs allegedly committed." *Herta v. Wiblemo*, No. 22-CV-1679, 2023 WL 116346, at *2 (S.D. Cal. Jan. 5, 2023); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting Ninth Circuit cases upholding Rule 8 dismissals when pleadings were "confusing," "largely irrelevant," "distracting, ambiguous, and unintelligible," "highly repetitious," or "consist[ing] of incomprehensible rambling").

Under Rule 8(a), to state a claim for relief, a pleading must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Mr. Johnson's Complaint meets none of these requirements: it fails to state a basis for the court's jurisdiction; it fails to assert a claim entitling Mr. Johnson to relief; and it fails to make a demand

PAGE 6 – OPINION AND ORDER DENYING WILLIE JOHNSON'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT

for relief. Accordingly, Mr. Johnson's Complaint fails to comply with Rule 8 and must be dismissed.

### 3. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

This Court now turns to the required screening. As noted above, any complaint filed by a plaintiff proceeding IFP is subject to sua sponte dismissal by the court to the extent the complaint contains claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam); *Lopez*, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

Mr. Johnson's Complaint fails to state a claim upon which relief may be granted. Mr. Johnson is not required to make detailed factual allegations, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Mr. Johnson must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 570). Facial plausibility demands more than the mere possibility that a defendant committed misconduct *Id.* at 679. Mr. Johnson's Complaint does not provide any factual allegations, only conclusory assertions of "corporation fraud, employee discriminations, bribery and default [judgment] sanctions." Compl., ECF 1 at 4. This is insufficient. Mr. Johnson is further advised that an amended complaint needs to specify "which wrongs were committed by which defendants." *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Mr. Johnson must link the factual allegations to specific defendants. He has not done so.

## CONCLUSION

Mr. Johnson's Application for Leave to Proceed In Forma Pauperis, ECF 2, is DENIED with leave to refile. Mr. Johnson's Complaint, ECF 1, is DISMISSED without prejudice. Mr. Johnson is granted leave to amend his Complaint; if Mr. Johnson chooses to amend his Complaint, he must do so by November 12, 2024. Any amended complaint must state whether Mr. Johnson is represented, and if so, by whom.

**IT IS SO ORDERED.**

DATED this 22nd day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge